FREE SPEECH, by its member Greg RUGGIERO; Frank Morales, and Joan Mussey, Plaintiffs–Appellants,

Steal This Radio, D.J. Thomas Paine, D.J. Carlos Rising, D.J. Sharin, D.J. E.S.E., Plaintiffs–Appellants,

v.

Janet RENO, as Attorney General of the United States and United States Department of Justice, Defendants–Appellees,

Federal Communications Commission, Defendant–Appellee.

Docket Nos. 99–6083, 99–6163.

United States Court of Appeals, Second Circuit.

Argued: Sept. 13, 1999

Decided: Oct. 29, 1999

Robert T. Perry, New York, N.Y. (Barbara Olshansky, William Goodman, Center for Constitutional Rights, New York, NY, on the brief), for Plaintiffs–Appellants.

Beth E. Goldman, Assistant United States Attorney, New York, N.Y. (Mary Jo White, United States Attorney for the Southern District of New York, Gideon A. Schor, Assistant United States Attorney, New York, NY, on the brief), for Defendants–Appellees.

Before: WALKER, LEVAL and POOLER, Circuit Judges.

PER CURIAM:

Plaintiffs, a low power radio station broadcasting in New York City without a license ("Steal This Radio"), four of its disk jockeys ("D.J. Thomas Paine," "D.J. Carlos Rising," "D.J. Sharin," and "D.J. E.S.E."), and a group of listeners and supporters ("Free Speech"), appeal from the district court's order dismissing their complaint and granting the Government's request for a preliminary injunction. The complaint challenged the broadcast licensing scheme embodied in the Communications Act of 1934, 47 U.S.C. § 301 *et seq.* (the "Act"), as a facially unconstitutional infringement of their First Amendment rights to freedom of speech. It also challenged the FCC's application of certain statutory enforcement provisions as unconstitutional and in violation of the Act itself. Plaintiffs sought a declaration that the challenged provisions of the Act are unconstitutional, and an injunction prohibiting the Government from interfering with their unlicensed radio broadcasts. The Government counterclaimed to enjoin Steal This Radio from broadcasting without a license, and moved to dismiss plaintiffs' complaint. The district court (Michael B. Mukasey, *Judge*) granted the Government's motion to dismiss plaintiffs' claims and its request for a preliminary injunction. We affirm.

On appeal, plaintiffs renew their contention that the broadcast licensing scheme embodied in the Act, which generally prohibits broadcasting without a license, *see* 47 U.S.C. § 301, and authorizes the FCC to award licenses if the "public interest" will be served thereby, *see id.* § 309, is a facially unconstitutional infringement of their First Amendment free speech rights. In particular, plaintiffs maintain that under contemporary First Amendment doctrine, the radio spectrum is both a traditional and a designated public forum, and that government regulation of access to the spectrum therefore warrants strict scrutiny. The district court rejected this argument, finding that the government's allocation of the radio spectrum is not subject to public forum analysis and that, even if it were, the spectrum would constitute a nonpublic forum. The court noted that regulation of protected expression in a nonpublic forum is reviewed for reasonableness so long as it is viewpoint neutral, and determined that the broadcast licensing scheme is in fact both viewpoint neutral and reasonable. We agree with the district court that the government's allocation of the radio spectrum is not subject to public forum analysis, and conclude that plaintiffs' First Amendment challenge to the broadcast licensing scheme was properly dismissed for that reason. *Cf. Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 637–39, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994) (noting that regulation of speech in the context of radio and television is subject to "less rigorous" scrutiny than similar regulation in the context of print or common carriage because of "the unique physical limitations of the broadcast medium," and declining to contest underlying assumptions of Court's jurisprudence in this area); *National Broad. Co. v. United States*, 319 U.S. 190, 226–27, 63 S.Ct. 997, 87 L.Ed. 1344 (1943) (holding that, because radio has "unique characteristic[s]" that prevent its being made available to all who might seek to broadcast, the "right of free speech does not include ... the right to use the facilities of radio without a license"). We therefore need

not decide whether the district court correctly applied public forum analysis to arrive at its alternative holding.

 Plaintiffs next contend that the district court erred in holding that they lacked standing to challenge the FCC's application of certain of the Act's enforcement provisions. The district court based its ruling on plaintiffs' failure to allege sufficient injury-in-fact. We find no error. Plaintiffs challenged the FCC's exercise of its authority to issue "cease and desist orders" pursuant to Section 312 of the Act, but did not allege that the FCC's exercise of that authority caused them any actual injury. Similarly, plaintiffs challenged the FCC's exercise of its authority to initiate in rem forfeiture proceedings against violators of the Act pursuant to the Act's Section 510, but alleged neither that the FCC initiated such a proceeding against them nor that it seized any of their property. Under these circumstances, the district court properly dismissed plaintiffs' as-applied challenges to the enforcement provisions for lack of standing. *See, e.g., Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (plaintiff must allege "an invasion of a legally protected interest which is … concrete and particularized" in order to satisfy injury-in-fact component of Article III standing requirement); *United States v. Vazquez,* 145 F.3d 74, 80 (2d Cir.1998) (same). We need not consider the district court's alternative holding dismissing certain of plaintiffs' as-applied challenges on the basis of the primary jurisdiction doctrine. *See, e.g., Allnet Communication Serv., Inc. v. National Exch. Carrier Ass'n, Inc.,* 965 F.2d 1118, 1120, 1122 (D.C.Cir.1992) (where an Act of Congress invests an agency with primary jurisdiction to make policy judgments, Article III remedies "must be confined to redress of such wrongs as can, consistently with the context of the [A]ct, be redressed by courts without previous action by the [agency]") (internal citation and quotation marks omitted).

Finally, plaintiffs argue that the district court erred in granting the Government's request for a preliminary injunction prohibiting Steal This Radio from broadcasting without a license. Specifically, plaintiffs maintain that the district court relied on an improper presumption, drawn from *SEC v. Manor Nursing Ctrs., Inc.,* 458 F.2d 1082, 1100 (2d Cir.1972), and other precedent, that the Government need not demonstrate a likelihood of irreparable harm other than that future violations will occur when it seeks an injunction pursuant to a statute explicitly authorizing injunctive relief. We need not decide whether likelihood of future violations was a sufficient basis for a finding of irreparable harm. The Government sufficiently showed irreparable harm simply by establishing that plaintiffs were broadcasting without a license. Such unlicensed broadcasting threatens the FCC's orderly allocation of scarce resources and the clear communication of current and future licensees. No further showing of irreparable harm was necessary to warrant the preliminary injunction.

The judgment is **AFFIRMED**.